UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOVO NORDISK A/S and NOVO NORDISK, INC.,**

    Plaintiffs,

v.                                                                                          Case No: 8:24-cv-2292-MSS-CPT

**IV HARMONY CLINIC LLC,**

    Defendant.

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss the Plaintiffs' Complaint, (Dkt. 15), Plaintiffs' response, (Dkt. 16), and Defendant's Supplemental Authority in Support of the Motion to Dismiss. (Dkt. 17) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion to Dismiss.

    **I.**    **BACKGROUND**

On September 30, 2024, Plaintiffs Novo Nordisk A/S and Novo Nordisk, Inc. ("Plaintiffs") initiated this action against Defendant IV Harmony Clinic LLC ("IV Harmony" or "Defendant"). (Dkt. 1) In the Complaint, Plaintiffs allege IV Harmony falsely or misleadingly advertises that it sells FDA-approved products that contain semaglutide. (Id. at ¶ 5) Plaintiffs allege these representations are misleading because Plaintiffs' products—Ozempic, Wegovy, and Rybelus—are the only FDA-approved drugs containing semaglutide. (Id. at ¶¶ 3, 6) IV Harmony instead allegedly sells

compounded drugs that purport to contain semaglutide that are not approved by the FDA. (Id. at ¶¶ 21–23) Plaintiffs also allege IV Harmony advertises Ozempic and Wegovy on its website even though Plaintiffs do not sell these drugs to IV Harmony for resale or redistribution. (Id. at ¶¶ 20, 35) Plaintiffs allege IV Harmony uses Plaintiffs' Ozempic and Wegovy trademarks to create confusion in the marketplace and to mislead consumers as to the origin, identity, qualities or source of IV Harmony's products. (Id. at ¶ 36) Based on the foregoing alleged facts, Plaintiffs assert IV Harmony is in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Count I), the common law against unfair trade practices (Count II), and Florida's Deceptive and Unfair Trade Practices Act, § 502.201 *et seq.*, Fla. Stat. (2024) ("FDUTPA") (Count III). Plaintiffs seek damages, declaratory and injunctive relief, and attorneys' fees and costs.

IV Harmony moves to dismiss the Complaint. First, IV Harmony argues Plaintiffs' claims are preempted by the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (the "FDCA"). (Dkt. 15 at 4–12) On this basis, IV Harmony argues Plaintiffs cannot state a claim. (Id.) IV Harmony provides as supplemental authority cases in which district courts in this District and in the Southern District of Florida have found the FDCA preempts claims of false advertising and unfair competition: Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC, No. 23-cv-689, 2025 U.S. Dist. LEXIS 25356, at *17–18 (M.D. Fla. Feb. 12, 2025); Novo Nordisk v. WELLHealth Inc., No. 23-cv-782, 2025 U.S. Dist. LEXIS 17795 (M.D. Fla. Jan. 30, 2025); Novo Nordisk, Inc, v. Live Well Drugstore, LLC, No. 23-cv-808, 2025 U.S. Dist. LEXIS 17792 (M.D. Fla.

2

Jan. 30, 2025); Novo Nordisk, Inc. v. Brooksville Pharms. Inc., No. 23-CV-1503, 2023 WL 7385819 (M.D. Fla. Nov. 8, 2023); Eli Lilly & Co. v. Wells Pharm. Network, LLC, No. 23-CV-576, 2024 WL 1641673 (M.D. Fla. Feb. 5, 2024); Eli Lilly & Co. v. Rxcompoundstore.com, LLC, No. 23-CV-23586, 2024 WL 1554339 (S.D. Fla. Apr. 9, 2024). (Dkt. 17) Second, IV Harmony argues Plaintiffs' requests for injunctive relief seek to have this Court compel speech by medical providers in violation of the First Amendment. (Dkt. 15 at 13–16)

Plaintiffs respond that their allegations do not require the Court to interpret or apply the FDCA, therefore, the FDCA does not preempt Plaintiffs' claims. (Dkt. 16 at 7–13) Plaintiffs also maintain that their claims do not require the Court to make determinations that fall within the FDA's exclusive purview. (Id. at 10) Instead, Plaintiffs contend IV Harmony's allegedly false statements fall within the regulatory purview of the Lanham Act and FDUTPA, rather than the FDCA. (Id.) Additionally, Plaintiffs respond that the First Amendment does not protect misleading or false advertising. (Id. at 13) Plaintiffs assert that courts use their equitable powers to order corrective advertising, and this kind of remedy does not constitute compelled speech in violation of the First Amendment. (Id. at 14–15)

## II.    LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough

3

facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III.   ANALYSIS

The Court declines to dismiss the Complaint because Plaintiffs' allegations are sufficient to state a claim under the Lanham Act, FDUTPA, and the common law against unfair competition. First, preemption is an affirmative defense. Hernandez v. Aurobindo Pharm USA, Inc., 582 F. Supp. 3d 1192, 1204 (M.D. Fla. 2022) (citations omitted). "Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its

4

own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). Accordingly, the Court must determine whether Plaintiffs' claims are clearly preempted based on the allegations in the Complaint.

"The FDCA generally does not preclude Lanham Act claims based on false labeling." Hi-Tech Pharms., Inc. v. Hodges Consulting, Inc., 230 F. Supp. 3d 1323, 1330 (N.D. Ga. 2016) (citing POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 115 (2014)). However, the FDCA preempts a Lanham Act claim when the claim "would require a court to make determinations about the safety, legality, and classification of new drugs that are more properly within the exclusive purview of the FDA." Id. (citing POM Wonderful, 573 U.S. at 115). A Lanham Act claim should not proceed where a court would have to interpret and apply the FDCA's statutory regulatory provisions to determine the false or misleading nature of the advertising at issue. Id. (citations omitted). Compare Sandoz Pharms. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 230 (3d Cir. 1990) (finding the FDCA precluded a Lanham Act false advertising claim based on the defendant's labeling of an ingredient as "inactive" when the FDA had not yet determined whether the ingredient was active or inactive), with Nutrition Distrib. LLC v. Custom Nutraceuticals LLC, 194 F. Supp. 3d 952, 956–57 (D. Az. 2016) (emphasis in original) (permitting a Lanham Act false advertising claim to proceed where the defendant, *inter alia*, marketed a supplement to competitive athletes but omitted that it had been banned by anti-doping organizations, noting that

5

"while the FDA is charged with determining whether products like [the supplement] are safe enough to be sold in interstate commerce . . . this case presents a different question: whether [the supplement] is as safe as *Defendants claimed*"). See also Healthpoint, Ltd. v. Stratus Pharms., Inc., 273 F. Supp. 2d 769, 791 (W.D. Tex. 2001) (indicating that "direct statements that a product was [FDA-]approved when it was not" are actionable).

Here, Plaintiffs allege IV Harmony made direct statements that their products were FDA-approved when they were not. More importantly, Plaintiffs allege IV Harmony advertises Ozempic and Wegovy on its website even though Plaintiffs do not sell those products to IV Harmony for resale or redistribution. These allegations support a claim for violation of the Lanham Act, and such claims are generally not precluded by the FDCA. Hi-Tech Pharms., 230 F. Supp. 3d at 1330.

Unlike the cases IV Harmony cites as supplemental authority, in this case, Plaintiffs allege IV Harmony falsely advertises that its products are FDA-approved when they are not. All except one[1] of the cases IV Harmony cites as supplemental authority are distinguishable: they do not involve allegations that the defendant falsely advertised that its drugs were FDA-approved. Instead, these cases involve allegations that the defendant unlawfully manufactured or sold drugs without FDA approval.

---

[1] In Novo Nordisk, 2025 U.S. Dist. LEXIS 25356, Novo Nordisk alleged the defendant falsely advertised its products were FDA-approved. See Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC, Case No. 5:23-cv-689-ACC-PRL, Dkt. 1 at ¶ 20. Notably, however, the court did not dismiss Novo Nordisk's claims on the basis that they were preempted. Novo Nordisk, 2025 U.S. Dist. LEXIS 25356, at *18. Instead, the court stated a belief that "preemption would likely apply" in that case. Id. Importantly, also, the case had proceeded to the summary judgment stage and the court had the benefit of discovery. Ultimately, the court granted judgment in favor of the defendant on mootness grounds.

Novo Nordisk, 2025 U.S. Dist. LEXIS 17795, at *13–14 (concluding claims that the defendant gained an unfair competitive advantage by selling unapproved semaglutide drugs were preempted); Novo Nordisk, 2025 U.S. Dist. LEXIS 17792, at *14 (finding claims that selling unapproved drugs is an unscrupulous business practice were preempted); Novo Nordisk, 2023 WL 7385819, at *3 (finding claims that the defendant engaged in an unfair practice by selling drugs containing semaglutide without FDA approval were preempted by the FDCA); Eli Lilly, 2024 WL 1641673, at *3 (same); Eli Lilly, 2024 WL 1554339, at *6 (same); Novo Nordisk, 2025 U.S. Dist. LEXIS 25356, at *17–18 (collecting the foregoing cases and concluding "preemption would likely apply" to the plaintiff's FDUTPA claim in an order on summary judgment). Determinations that the defendants *wrongfully* sold drugs that were not FDA-approved would require the courts to make determinations about the safety of the defendants' drugs because it is not *per se* unlawful to sell drugs that are not FDA-approved.[2] Such determinations would fall within the purview of the FDA's exclusive authority to enforce provisions of the FDCA. See, e.g., Eli Lilly, 2024 WL 1641673, at *3. Thus, the courts found that the claims were preempted. Moreover, these cases did not involve allegations that the defendant misleadingly advertised the plaintiff's drug on the defendant's website, as Plaintiffs allege IV Harmony has done here.

The Complaint does not require the Court to interpret or apply the FDCA to

---

[2] See "Unapproved Drugs," U.S. FOOD & DRUG ADMINISTRATION (May 9, 2024), https://www.fda.gov/drugs/enforcement-activities-fda/unapproved-drugs ("The law allows some unapproved prescription drugs to be lawfully marketed if they meet the criteria of generally recognized as safe and effective (GRASE) . . . .").

determine whether IV Harmony's advertising of its semaglutide products was misleading or deceptive. Thus, the FDCA does not preempt Plaintiffs' Lanham Act claim. Because FDUTPA and the common law against unfair competition are "virtually the same" as the Lanham Act, the Court finds these claims also survive IV Harmony's preemption argument. Hi-Tech Pharms., 230 F. Supp. 3d at 1332; see also Investacorp., Inc. v. Arabian Inv. Banking Corp., 921 F.2d 1519, 1521 (11th Cir. 1991).

Accordingly, the Court finds Plaintiffs' claims are not preempted by the FDCA and the Motion to Dismiss is due to be **DENIED**.

The Court is not persuaded by IV Harmony's assertions of broad First Amendment principles as grounds to dismiss the Complaint under Rule 12(b)(6). These assertions go to the propriety of Plaintiffs' requests for injunctive relief, not to the adequacy of the facts alleged in support of Plaintiffs' claims.

## IV.   CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss the Plaintiffs' Complaint, (Dkt. 15), is **DENIED**.

2. Defendant shall file an answer to the Complaint within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of April 2025.

**Copies furnished to:**
Counsel of Record
Any *pro se* party

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE