UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-02292

NOVO NORDISK A/S AND
NOVO NORDISK, INC.,

      Plaintiffs,

v.

IV HARMONY CLINIC LLC,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, IV Harmony Clinic, LLC ("Defendant" or IV Harmony") hereby files its Answer and Affirmative Defenses to Plaintiffs, Novo Nordisk A/S and Novo Nordisk, Inc. (collectively "Plaintiffs" or "Novo")'s Complaint dated September 30, 2024 [DE 1] as follows:

### INTRODUCTION[1]

    1.    Without knowledge, therefore denied.

    2.    Without knowledge, therefore denied.

    3.    Without knowledge, therefore denied.

---

[1] IV Harmony incorporates Plaintiffs' headings for ease of reference only; they are not intended to infer admissions.

4. Admitted only that Plaintiffs have asserted those claims, but denied that any have merit. IV Harmony denies that it has committed any acts of false advertising or unfair competition.

5. Denied.

6. Denied.

## THE PARTIES

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted that IV Harmony is a Florida limited liability company in this judicial district. Denied as to remaining allegations. Specifically denied the characterization and definition of "Unapproved Compounded Drugs" as alleged. Further denied that IV Harmony "masquerades" any products as Ozempic® or Wegovy®.

## JURISDICTION AND VENUE

11. Admitted that this Court has subject matter jurisdiction over Lanham Act causes of action pursuant to 35 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b), but denied as to any liability thereunder.

12. IV Harmony does not challenge venue but denies the remaining allegations.

## NOVO NORDISK'S FDA-APPROVED SEMAGLUTIDE MEDICINES AND OZEMPIC AND WEGOVY TRADEMARKS

13.     Without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

## DEFENDANT'S ALLEGED SALE OF UNAPPROVED COMPOUNDED DRUGS

20.     Admitted that that IV Harmony does not purchase the medicines directly from Novo Nordisk, but note that IV Harmony's licensed healthcare professionals prescribe Ozempic and Wegovy to their patients.

21.     IV Harmony denies the characterization and definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

22.     Without knowledge, therefore denied.  IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged in this paragraph.

23. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

24. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

25. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

26. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

27. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

## **DEFENDANT'S ALLEGED FALSE ADVERTISING IN CONNECTION WITH ITS SALE OF UNAPPROVED COMPOUNDED DRUGS**

28. Denied.

29. Denied as phrased. IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

30. Denied. IV Harmony denies that it has falsely advertised any products or made false or misleading statements. Defendant further denies that it improperly used descriptions of Ozempic® or Wegovy® in a manner that misrepresents its own products. Defendant further denies the characterization and

definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

31. Denied. IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

32. Denied. Defendant lacks knowledge as to the specific approvals obtained by Novo Nordisk and, on that basis, denies the remaining allegations.

33. Denied. Defendant further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

34. Denied. IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged and denies all remaining allegations contained in this paragraph.

35. Denied. IV Harmony denies that any listing of Ozempic® or Wegovy® on IV Harmony website constitutes false advertising or misleading promotion. IV Harmony's licensed healthcare professionals may prescribe Ozempic® and Wegovy® to patients as appropriate. IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged in this paragraph.

36. Denied. IV Harmony denies that it uses the Ozempic® or Wegovy® trademarks to advertise or promote its products or services in any unlawful or misleading manner. IV Harmony's licensed healthcare professionals may prescribe Ozempic® and Wegovy® to patients as appropriate. IV Harmony further denies the characterization and definition of "Unapproved Compounded Drugs" as alleged in this paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## FIRST CAUSE OF ACTION

**Defendant's False and Misleading Advertising and Promotion in Violation of 15 U.S.C. §125(a)(1)(B)**

42. IV Harmony incorporates by reference its answers to paragraphs 1-41 as if set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## SECOND CAUSE OF ACTION

### Unfair Competition in Violation of the Common Law

52. IV Harmony incorporates by reference its answers to paragraphs 1-41 as if set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## THIRD CAUSE OF ACTION

### Deceptive and Unfair Trade Practices in Violation of § 502.201, et seq., Florida Statutes

57. IV Harmony incorporates by reference its answers to paragraphs 1-41 as if set forth herein.

58. Denied.

59. This is an assertion and conclusion of law to which no response is required. To the extent that a response is required, denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## PLAINTIFF'S REQUEST FOR RELIEF / WHEREFORE CLAUSE

IV Harmony denies that Plaintiffs are entitled to any relief sought in their Request for Relief (Wherefore clause), including paragraphs 1 through 12 and their respective subparagraphs; and respectfully requests the Court enter judgment in its favor against Plaintiffs and grant such further relief the Court deems just.

## JURY TRIAL DEMAND

IV Harmony hereby demands a trial by jury on all issues so triable as a matter of law.

## AFFIRMATIVE DEFENSES

1. **Failure to state a claim**. Plaintiffs have failed to state a claim upon which relief may be granted.

2. **Mootness**. Plaintiffs' claims are moot. Regardless of whether IV Harmony referenced Plaintiffs' reserved product names in prior advertising or marketing for a *de minimis* period of time on its website home page with respect to its physicians properly prescribing Ozempic® and Wegovy®, DoctorsRX has completely ceased all reference to Plaintiffs' reserved names. *Savannah Coll. of Art and Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1287 (11th Cir .2020); *De La Teja v. U.S.*, 321 F.3d 1357, 1362 (11th Cir. 2003); *BankWest,Inc. v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006).

3. **Failure to Mitigate Damages**. Plaintiffs have failed to mitigate damages. Plaintiffs failed to provide IV Harmony with any pre-suit or pre-service notice of any alleged unfair competition, false or misleading advertising or deceptive and unfair trade practices, as alleged in the complaint. IV Harmony expediently removed any potentially objectionable materials from its website after being served with the complaint. Had Plaintiffs provided IV Harmony any reasonable notice prior to initiating this action, IV Harmony could and would have timely compiled, and Plaintiffs could and would have mitigated substantial and significant alleged damages.

4. **Nominative Fair Use**. IV Harmony's alleged use of the Ozempic, Rybelsus and Wegovy names was limited to uses that are considered nominative fair use. To the extent IV Harmony used only so much of the names as was

9

necessary to inform the public that the products could be prescribed by IV Harmony's licensed healthcare professionals. The use of the names was done in a manner that did not suggest sponsorship or endorsement.

5. **Truthful Use in Clinical Context.** IV Harmony's references to Plaintiffs' trademarks on its website were not false or misleading, but reflected the legitimate clinical practice of IV Harmony's licensed healthcare professionals prescribing Plaintiffs' medications. IV Harmony's licensed healthcare providers actively prescribed and referred patients to Ozempic® and Wegovy® as part of established treatment protocols. Any mention of those brand names on Defendant's website truthfully described medical services provided and does not constitute trademark misuse or false advertising under applicable law.

6. **Truthful and Non-Misleading Commercial Speech:** IV Harmony's communications were truthful, not misleading, and constitute protected commercial speech.

7. **Preemption.** Plaintiff's claims are preempted by the FDCA.

8. **Innocent Infringement.** Plaintiffs' claims may be barred or limited to the extent Defendant is an innocent violator.

9. **Laches, Estoppel, and Unclean Hands.** Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, estoppel, and unclean hands.

10. **Justification and Authorization.** If IV Harmony engaged in any of the acts and/or omissions alleged in the Complaint, which IV Harmony expressly denies, such acts and/or omissions were excused, justified, and/or authorized.

11. **Safe Harbor under FDA Guidance.** IV Harmony's alleged conduct was consistent with FDA policy permitting compounding during drug shortages, and Plaintiffs' attempt to enforce FDA-related policies via private litigation is improper.

12. **Lack of Standing.** Plaintiffs lack standing because they have not suffered a commercial or competitive injury proximately caused by Defendant's alleged conduct.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts in the Complaint, IV Harmony requests that:

(a) that Plaintiffs take nothing by way of their Complaint, and the Complaint be dismissed with prejudice;

(b) that IV Harmony recover its costs of suit incurred herein, including reasonable attorneys' fees under the Lanham Act and otherwise to the extent permitted by law; and

(c) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**EXORO LAW PLLC**

By: */s/ Adriana Kostencki*
Adriana Kostencki
Florida Bar No. 84507
akostencki@exorolaw.com
2700 Glades Cir., Suite 142
Weston, FL  33327
T:  954-947-0050
Eservice: paralegal@exorolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record.

By: */s/ Adriana Kostencki*
Adriana Kostencki