IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> IV HARMONY CLINIC LLC, <br><br> Defendant. | Case No. 8:24-cv-02292 _____ |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on September 30, 2024, and that defendant IV Harmony Clinic LLC ("Defendant") was served with the Complaint and, through counsel, appeared on November 25, 2024; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against Defendant for false advertising, and unfair competition in violation of 15 U.S.C. § 1125(a), common law, and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 502.201, *et seq.*, Florida Statutes.

3. Defendant IV Harmony Clinic LLC filed its Answer and Affirmative Defenses on May 7, 2025.

4. Plaintiff Novo Nordisk alleges Defendant has engaged in advertising, marketing, and/or promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs that falsely suggests that (i) the Unapproved Compounded Drugs offered and sold by Defendant are genuine Novo Nordisk, semaglutide-based medicines and/or are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use (iii) Defendant and/or its Unapproved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines; and/or (iv) the Unapproved Compounded Drugs contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

5. Defendant's actions as described above are likely to cause confusion and violate Novo Nordisk's rights under the Lanham Act and state law.

6. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

    (6) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

    (7) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

  7. IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

  8. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

  9. Judgment is hereby entered in favor of Plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

  10. This Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this _____ day of _____, 2024.

_____

UNITED STATES DISTRICT JUDGE

CONSENTED TO:

| | |
|---|---|
| Jordan S. Cohen, Esquire (55182)<br>jcohen@wickersmith.com<br>Michelle A. Juarez, Esquire (1030924)<br>mjuarez@wickersmith.com<br>WICKER SMITH O'HARA<br>McCOY & FORD, P.A.<br>515 E. Las Olas Blvd., Ste 1400<br>Fort Lauderdale, FL 33301<br>T: (954) 847-4800<br>F: (954) 760-9353<br><br>*Attorneys for Plaintiffs NOVO NORDISK*<br>*A/S and NOVO NORDISK INC.* | Adriana Kostencki, Esq.<br>Florida Bar No. 84507<br>akostencki@exorolaw.com<br>2700 Glades Cir., Suite 142<br>Weston, FL 33327<br>T: (954) 947-0050<br>Eservice: paralegal@exorolaw.com<br><br>*Attorneys for Defendant*<br>*IV Harmony Clinic LLC* |